# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:12-cv-00747-MR
# CRIMINAL CASE NO. 3:09-cr-00060-MR

| | |
|---|---|
| RICARDO JAVIER ARELLANO, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | O R D E R |

This matter is before the Court on the Petitioner's letter, which the Court construes of a motion for reimbursement of $100 Assessment Fee. [Doc. 18]. The Government opposes the Petitioner's motion. [Doc. 20].

The Petitioner pleaded guilty pursuant to a written plea agreement to one count of armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2 (Count Two); one count of armed robbery including forcing a person to accompany him without consent, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d), 2113(e), and 2 (Count Three); and two counts of armed bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. § 2113(d) and 2 (Counts Six and Nine). [Criminal Case No. 3:09-cr-00060-MR-1

("CR"), Docs. 24, 26]. The Petitioner was sentenced on April 7, 2010, to a term of 300 months' imprisonment on Count Two; a term of 300 months' imprisonment on Count Three, to run concurrently with Count Two; a term of 108 months' imprisonment on Count Six, to run concurrently with Count Nine; and a term of 108 months' imprisonment on Count Nine, to run consecutively to the terms imposed in Counts Two and Three, for a total of 408 months' imprisonment. [CR Doc. 45]. The Petitioner was ordered to pay court-appointed counsel fees, restitution in the amount of $49,467.59, and a special assessment fee of $100.00 for each count of conviction, totaling $400.00. [Id.].

The Petitioner appealed [CR Doc. 47], and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on June 30, 2011. See United States v. Arellano, 436 F. App'x 152 (4th Cir. 2011) (unpublished). The Petitioner filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 7, 2011. Arellano v. United States, 132 S. Ct. 560 (2011).

On November 6, 2012, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. On June 11, 2015, the Court entered an Order granting in part and denying in part the Petitioner's motion. Specifically, the Court held that the Petitioner's second and third counts of conviction (Counts

Two and Three, respectively) were multiplicitous and that counsel's failure to raise a challenge on these grounds constituted ineffective assistance. [CR Doc. 66]. Accordingly, the Court entered an Amended Judgment vacating Petitioner's conviction and sentence as to Count Two while simultaneously affirming the Petitioner's convictions and sentences as to Counts Three, Six, and Nine, as well as the sentences pronounced thereon. [CR Doc. 67]. The Amended Judgment still ordered the Petitioner to pay court-appointed counsel fees, restitution in the amount of $49,467.59, and a $100 special assessment for each count of conviction (now reduced to a total fee of $300 in light of the vacating of Count Two). Because the sentence for Count Two was concurrent with the sentence for Count Three, the total 408-month term of imprisonment remained undisturbed. [Id.]. In all other respects, the remaining claims asserted by the Petitioner were denied and dismissed. The Petitioner appealed, but the Fourth Circuit dismissed his appeal and denied a certificate of appealability on November 20, 2015. [CR Doc. 70].

    The Petitioner now returns to this Court, asking the Court to reimburse him the $100 special assessment fee paid with respect to the vacated conviction for Count Two. [Doc. 18].

    The Petitioner's request must be denied. First, the Petitioner's request is untimely and procedurally barred, as he failed to raise this matter on direct

appeal. In any event, however, the Petitioner's request is without merit. The Amended Judgment provides that "[p]ayment shall be applied in the following order: (1) assessment, (2) restitution principal . . . ." [CR Doc. 67 at 6]. In accordance with that provision, when the Amended Judgment was entered vacating one count of conviction and thus lowering the Petitioner's special assessment fee from $400.00 to $300.00, that $100.00 was reallocated from his special assessment total and applied toward his outstanding criminal restitution, which stands at $42,014.83. [See Doc. 20-1]. The Petitioner is not entitled to reimbursement of that special assessment fee. Accordingly, the Petitioner's request for reimbursement is denied.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability.

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that the Petitioner's letter, which the Court construes of a motion for reimbursement of $100 Assessment Fee [Doc. 18], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge